## SEIDERS v. POST PUBLISHING CO.

### No. 5860; September 13, 1879.

**Libel—Allegation of Part as Libel—Introduction of Whole.—** In a suit for libel, if the complaint contains solely and verbatim *one* part of the publication as the grievance, an offer in evidence of the whole is no variance although the other part is libelous also.

**Libel—Offer of Whole Publication When Part Only Complained of—Objection.—**Where in a suit for libel the plaintiff has set out in his complaint only one part of the publication, and at the trial offers in evidence the whole, whereby, in fact, other libels might appear, defendant should shape his objection as for the exclusion of the libels not so set out.

By the COURT.—Action for libel and judgment for the plaintiff, from which the defendant appeals. The only points urged by the appellant are:

1. That there was a fatal variance between the libel declared upon and the publication put in evidence by the plaintiff; and

2. That the publication contained other actionable, libelous charges against the plaintiff in addition to those declared upon,

and that the court below erred in admitting in evidence so much of the publication as was not declared upon.

On the first point, it will suffice to say there was no variance whatever. The complaint copies verbatim so much of the publication as was alleged to be libelous, and omits to refer to other portions of it containing separate and distinct charges against the plaintiff. There was, therefore, no variance. When the whole publication was offered in evidence, the defendant objected to it ''on the ground that the same was not the alleged libelous article and matter set forth in the complaint, and that the said article differed and varied from the alleged libel set forth in the complaint.'' The objection was solely on the ground of variance, and was not tenable, for the reasons above stated. If it was intended to raise the point that so much of the publication as contained separate and distinct libelous matter, in addition to that declared upon was not admissible in evidence, the objection should have been so framed as to raise that point. But no such objection having been interposed, there was no error in admitting the whole publication in evidence.

Judgment affirmed.

Wallace, C. J., and McKinstry, J., expressed no opinion in this case.